UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAY 28 2010
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JEFFREY J. EIMERS, | CIV. 09-4013 |
| Movant, | CR. 04-40123 |
| vs. | |
| UNITED STATES OF AMERICA, | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Jeffrey J. Eimers ("Eimers") has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Eimers challenges the 2008 supervised release revocation proceedings. The government has filed its response to the motion. For the following reasons, the motion will be denied.

## BACKGROUND

A Petition to Revoke Eimers' Supervised Release was filed on July 29, 2008 (doc. 74).[1] His initial appearance was held on August 4, 2008, and Eimers waived his right to a preliminary examination (docs. 75, 78). On August 19, 2008, a revocation hearing was held before Magistrate Judge John Simko. Eimers admitted allegation numbered 2 of the Petition (docs. 82 & 83). The dispositional hearing was held on September 19, 2008, at which time Eimers' admission was accepted and he was sentenced to 8 months imprisonment with no supervised release to follow (docs. 86, 88).

This § 2255 Motion followed. As grounds for his motion, Eimers contends (1) he did not receive any instruction from the probation officer and therefore could not have violated his supervised release by failing to follow the instructions of the probation officer; (2) he received ineffective assistance of counsel; (3) the conditions of supervised release were not explained to him;

---

[1] Citations are to docket entries in Eimers' criminal case, CR 04-40123.

and (4) the probation officer fabricated the violations of supervised release. The government requests the motion be dismissed because it fails to state a claim cognizable under 28 U.S.C. § 2255.

## DISCUSSION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. An evidentiary hearing is not warranted if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Eimers' claims do not require the introduction of evidence outside the record, so an evidentiary hearing is not required.

Claims Procedurally Defaulted

To ensure § 2255 proceedings are not used as a substitute for direct appeal, the courts have created a "procedural default" doctrine. Under that doctrine, except for claims of ineffective assistance of counsel, § 2255 relief is generally barred for any claim that could have been raised on direct appeal, but was not. The right of collateral review is an extraordinary remedy and "will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Under the doctrine of procedural default, issues that could have been, but were not, raised on direct appeal are waived and cannot be asserted for the first time in a collateral § 2255 action absent a showing of cause and actual prejudice, or a showing of actual innocence. *See United States v. Bailey*, 235 F.3d 1069, 1071 (8th Cir. 2000). Errors that are non-jurisdictional or non-constitutional cannot be raised now by Eimers after he failed to raise them in a direct appeal, even if Eimers could

demonstrate cause and prejudice. *See Anderson v. United States*, 25 F.3d 704, 705 (8th Cir. 1994). Eimers has not established cause, prejudice or actual innocence. These hurdles are intentionally high ones to surmount, as the Supreme Court has concluded that respect for the finality of judgment demands that "a collateral challenge may not do service for an appeal," except in exceptional circumstances. *See United States v. Frady*, 456 U.S. 152, 165 (1982). Moreover, Eimers *admitted* he violated his supervised release. By his admission Eimers implicitly waived any further consideration of Grounds 1, 3 and 4 of his motion. Further, they are procedurally defaulted and those grounds are dismissed.

Ineffective Assistance of Counsel

"The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only counsel's performance was deficient but also that such deficient performance prejudiced his defense." *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001)(citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). In Ground 2 of his motion, Eimers claims he received ineffective assistance of counsel because his lawyer did not show him the supplemental presentence report. Eimers' bald assertion is plainly contradicted by the record, however. At the dispositional hearing Eimers' lawyer was specifically asked whether he had adequate time to review the supplemental presentence report with Eimers. His counsel responded in the affirmative. *See* doc. 86. Eimers had an opportunity to contradict his lawyer's response at that time but did not do so. Furthermore, Eimers has not shown the alleged deficient performance prejudiced his defense. *See Strickland*, 466 U.S. at 694 ( prejudice prong is met when defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Again, Eimers

*admitted* he violated his supervised release. Eimers' assertion that he received ineffective assistance of counsel is unsupported by the record and the claim will be dismissed.

Certificate of Appealability

When the district court has denied a motion under 28 U.S.C. § 2255, the petitioner may not appeal without a certificate of appealbility. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Eimers has not made such a showing. Accordingly,

IT IS ORDERED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc 1, is DENIED; and

2. A Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this 28th day of May, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
By _____
Deputy

4